IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISH NETWORK L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) C.A. No. 19-1262 (RGA) |
| SERVERLOGY CORPORATION and | ) |
| DOES 1-5, individually and together | ) |
| d/b/a East IPTV, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2. Any document, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by the Federal Rule of Civil Procedure 26(c) or other provision or law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL – AEO MATERIALS," respectively.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL – AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within 10 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 10 day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS and CONFIDENTIAL – AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purposes whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5. In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other

than: (i) the parties and their attorneys; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. Any party that seeks to disclose any CONFIDENTIAL MATERIALS to any disclosed expert pursuant to paragraph 5(iii) must give reasonable notice in writing by facsimile or by electronic transmission to the designating party. Such notice must include the name of the disclosed expert, the date of the proposed disclosure, a summary of the disclosure, and the expert's educational and employment history. If the designating party objects in good faith to the proposed disclosure, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure. The dissemination of such CONFIDENTIAL MATERIALS to such expert shall be withheld pending resolution of the objections, with the Court if necessary.

7. CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 5(iii), unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named

parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8.  In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL – AEO MATERIALS shall not be disclosed to any person other than: (i) counsel of record in this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or know the information; and (v) the Court and Court personnel.

9.  In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the fifteen (15) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL – AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10. Any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL – AEO MATERIALS with the Court must: (i) provide the designating party

with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL – AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or the CONFIDENTIAL – AEO MATERIALS can be field with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL – AEO MATERIALS shall file such material in accordance with Local Rule 5.1.3 and CM/ECF Procedures.  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

11.     Subject to paragraph 9, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and make available to the designating party all materials containing information designated in accordance with paragraph 2 above.  The designating party shall be responsible for retrieval of such documents.  The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed.

12.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purpose of enforcing this Order.  Each individual signing the declaration attached as Exhibit A agrees to be subject to the jurisdiction and venue of this Court for purposes of this Order.

13.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief.

14.     Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL – AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" OR "CONFIDENTIAL – AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16.     <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | THE LAW OFFICE OF JAMES TOBIA, LLC |
|---|---|
| */s/ Rodger D. Smith II* | */s/ James Tobia* |
| Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com | James Tobia (#3798)<br>1716 Wawaset Street<br>Wilmington, DE 19806<br>(302) 655-5303<br>jtobia@tobialaw.com |
| OF COUNSEL:<br><br>Stephen M. Ferguson<br>HAGAN NOLL & BOYLE, LLC<br>Two Memorial City Plaza<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>(713) 343-0478 | OF COUNSEL:<br><br>Karl W. Roth<br>William P. Foley<br>ROTH LAW GROUP LLC<br>150 N. Michigan Avenue, Suite 800<br>Chicago, IL 60601-7585<br>(312) 419-9599<br>kwr@rothlawgroup.com<br>wpf@rothlawgroup.com |
| *Attorneys for Plaintiff DISH Network L.L.C.* | *Attorneys for Defendant Serverlogy Corporation* |

September 20, 2019

IT IS SO ORDERED.

Dated: _____        _____
                                                                 JUDGE RICHARD G. ANDREWS
                                                                 UNITED STATES DISTRICT COURT JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISH NETWORK L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   C.A. No. 19-1262 (RGA) |
| SERVERLOGY CORPORATION and | ) |
| DOES 1-5, individually and together | ) |
| d/b/a East IPTV, | ) |
| Defendants. | ) |

**EXHIBIT A - DECLARATION UNDER PROTECTIVE ORDER**

I, _____, being duly sworn, declare as follows:

1. My address is _____
_____.

2. My present employer is _____
_____.

3. My present occupation is _____
_____.

4. I acknowledge that: (i) I have been given a copy of the Protective Order in the above-referenced case; (ii) I have carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I agree that: (i) I will comply with all provisions of the Protective Order; (ii) I will hold all Confidential Material disclosed to me in confidence, and will not reveal such material to any person not qualified under the Protective Order; (iii) I will not use any Confidential Material disclosed to me for any purpose other than this case; and (iv) I will return any Confidential Material at the request of the party that provided such material to me.

6. I submit to the personal jurisdiction and venue of the United States District Court for the District of Delaware for purposes of enforcement of the Protective Order. I appoint _____, with an address of _____, as my Delaware agent for service of process in connection with this action or any proceeding related to the enforcement of the Protective Order.

I declare under the penalty of perjury that the foregoing is true and correct.

_____

By: