IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DISH NETWORK L.L.C**, <br><br> Plaintiff, <br><br> v. <br><br> **SERVERLOGY CORPORATION and DOES 1-5, individually and together d/b/a East IPV,** <br><br> Defendants. | Civil Action No. 1:19-cv-1262 |

### MOTION TO WITHDRAW AS COUNSELS FOR DEFENDANT SERVERLOGY CORPORATION

James Tobia, Esq. of the Law Office of James Tobia, LLC and Karl W. Roth, Esq. and William P. Foley, Esq. of Roth Law Group LLC (the "Movants"), counsels for Defendant Serverlogy Corporation ("Defendant Serverlogy") in the above-captioned Adversary Proceeding (the "Proceeding"), pursuant to Rule 83.7 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("LR 83.7"), hereby move (the "Motion") this Court for an Order authorizing the Movants' withdrawal as counsels of record for Defendant Serverlogy in this adversary proceeding. In support of the Motion, the Movants respectfully represent as follows:

### BACKGROUND

1. The Movants are members of the Bar of the State of Delaware and Illinois, respectively. The Movants have diligently and effectively represented the Defendant and have continually apprised the Defendant of the status of this Adversary Proceeding.

2. On or about July 30, 2019, Defendant Serverlogy entered into a written retention agreement (the "Agreement") with Roth Law Group LLC regarding the above-captioned case. On or

about, August 7, 2019, Defendant Serverlogy entered into a written retention agreement with the Law Office of James Tobia, LLC to represent Defendant Serverlogy as their Delaware counsel.

3. On or about July 8, 2019, Plaintiff's commenced this litigation.

4. On August 23, 2019, Defendant Serverlogy, by and through the Movants, filed its Answer to the Plaintiff's Complaint. *Docket No. 8.*

5. On August 23, 2019, counsel filed Motions for admission *pro hac vice* on behalf of Karl W. Roth, Esq. and William P. Foley, Esq. *Docket Nos. 9, 10.* The Court So Ordered the admissions *pro hac vice* of Messrs Roth and Foley on August 23, 2019.

6. On September 19, 2019, this Court entered a Scheduling Order, which required the parties to serve initial disclosures. *Docket No. 13.*

7. Defendant Serverlogy has failed to cooperate with counsel in the most basic sense. Indeed, Movants cannot make the initial disclosure or otherwise respond to any discovery that Plaintiff may seek.

8. Defendant Serverlogy has also failed to meet its financial obligations to Movants.

## RELIEF REQUESTED

9. The Movants request that they be permitted to withdraw as counsels for Defendant Serverlogy.

## BASIS OF RELIEF REQUESTED

10. LR 83.7 provides that an attorney may withdraw as counsel by order on a motion duly noticed.

11. Rule 1.16(b) of The Delaware Lawyers' Rules of Professional Conduct provides for permissive withdrawal if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

12. The Movants submit this duly noticed Motion requesting that the Court enter an order authorizing the Movants to withdraw as counsels of record for Defendant Serverlogy. Defendant Serverlogy has failed substantially to fulfill its obligations to the Movants regarding legal services pursuant to the parties' agreement regarding the representation.

13. If the relief sought in the Motion is not granted, the Movants will be required to expend significant time attempting to prepare a defense without even knowing all the facts and to incur further fees and expenses for services rendered, which will result in an unreasonable and substantial financial burden. Moreover, Movants simply lack the ability to represent Defendant Serverlogy without its full cooperation and instead Movants were directed by Defendant Serverlogy to withdraw. Indeed, there is essentially nothing further that Movants can do in furtherance of this representation.

14. Defendant Serverlogy has been informed of the bases on which the Movants seek withdrawal; as well as the intention of the Movants to file the Motion. The Movants believe that Defendant Serverlogy will not object to the Movants' withdrawal and that the Movants' withdrawal shall have no adverse material effect to Defendant Serverlogy at this stage of the case, as no trial date

has been set for the present proceeding. Upon termination of the representation, the Movants will turn over upon request any papers and property to which Defendant Serverlogy are entitled.

15. Based on the foregoing, the Movants respectfully submit that sufficient cause exists to grant the Motion and allow the Movants to withdraw as counsels.

## NOTICE

16. The Movants have sent notice of the Motion to Defendant Serverlogy Corporation and counsel for the Plaintiff.

17. The Movants believe that Defendant Serverlogy will not object to the Movants' withdrawal. Indeed, Defendant has advised counsels to withdraw.

18. Rule 7.1.1. Statement. Movants have conferred with counsel for Plaintiff and reasonable effort has been made to reach agreement with Plaintiff regarding this motion. As of this filing, Plaintiff has not consented to the request relief without condition.

## PRAYER FOR RELIEF

WHEREFORE, Movants respectfully request the entry of an order substantially in the form of the Order attached hereto as Exhibit "A":

(a) Granting the Motion;

(b) Authorizing James Tobia Esq., Karl W. Roth, Esq., William P. Foley, Esq..; and the law firms of The Law Office of James Tobia, LLC and Roth Law Group LLC to withdraw as counsels for Defendant Serverlogy;

(c) Relieving James Tobia Esq., Karl W. Roth, Esq., William P. Foley, Esq.; and the law firms of The Law Office of James Tobia, LLC and Roth Law Group LLC from any and all further obligations on behalf of Defendant Serverlogy;

(d)     Directing that all future pleadings, motions, discovery and any and all other communications concerning this matter, until such time as successor counsel enters an appearance be sent to:

| | |
|---|---|
| Serverlogy Corporation<br>c/o Agents And Corporations, Inc.<br>1201 Orange St., Ste 600<br>One Commerce Center<br>Wilmington, DE 19801 | - And -<br><br>Serverlogy Corporation<br>c/o Ahmad Al Shahman<br>ahmad.shm@protonmail.com |

(e)     Awarding such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated:   November 19, 2019          THE LAW OFFICE OF JAMES TOBIA, LLC


By:   */s/ James Tobia*          .
        James Tobia (No. 3798)
        1716 Wawaset Street
        Wilmington, Delaware 19806
        Telephone:  (302) 655-5303
        Facsimile:  (302) 656-8053

        *Attorney for Defendant*
        *Serverlogy Corporation*

OF COUNSEL:
ROTH LAW GROUP LLC
Karl W. Roth (admitted *pro hac vice*)
William P. Foley (admitted *pro hac vice*)
150 N. Michigan Avenue, Suite 800
Chicago, IL 60601-7585
Telephone:  312-419-9599
Facsimile:  312-419-9559