IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISH NETWORK L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) C.A. No. 19-1262 (RGA) | |
| SERVERLOGY CORPORATION, ) | |
| AHMAD AL SHAHMAN and DOES 2-5, ) | |
| individually and together d/b/a East IPTV, ) | |
| ) | |
| Defendants. ) | |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter came before the Court on the Motion for Default Judgment filed by Plaintiff DISH Network L.L.C. ("DISH") against Defendants Ahmad Al Shahman ("Shahman") and Serverlogy Corporation ("Serverlogy").

Having considered the submissions in support of DISH's Motion, and the pleadings on file, the Court grants the Motion and finds:

DISH owns copyrights in the works that air on the following channels: Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, ART Cima, CBC, CBC Drama, Dream 2, Future TV, Hekayat, LBC, LDC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, and Melody Classic (collectively, the "Protected Channels").

Shahman owns and operates the East IPTV streaming television service. Shaman profits by selling East set-top boxes and subscription renewals that provide access to the East service including the Protected Channels. Shahman, without authorization from DISH, transmitted the Protected Channels and the copyrighted works that air on those channels to users of his East set-top boxes and subscription renewals in the United States. In doing so, Shahman

directly infringed DISH's exclusive rights to distribute and publicly perform the works that air on the Protected Channels.

       Serverlogy is a content delivery network ("CDN"), operated by Shahman, that profited by providing services and computer servers knowingly used by Shahman to transmit the Protected Channels on the East service. Serverlogy is ineligible for the Digital Millennium Copyright Act ("DMCA") safe harbor because it failed to appoint an agent for receiving copyright infringement notices, failed to respond expeditiously to remove or disable access to the Protected Channels, and failed to adopt and reasonably implement a policy that provides the termination of subscribers who are repeat infringers. Serverlogy refused to take reasonable measures to stop Shahman from using Serverlogy's services and servers to infringe DISH's copyrights despite receiving 10 notices of infringement, and permitted the infringement to continue for more than a year, including two months after Serverlogy was served with the complaint in this action. Serverlogy materially contributed to and is vicariously liable for Shahman's direct copyright infringement.

       Judgment is hereby directed to be entered against Shahman on Count I of DISH's complaint for direct copyright infringement, and against Serverlogy on Counts II-III of DISH's complaint for contributory and vicarious copyright infringement.

       Based on these findings, the Court Orders:

       1.    DISH Network L.L.C. shall have judgment against Ahmad Al Shahman in the total amount of $2,100,000, and judgment against Serverlogy Corporation in the amount of $600,000, with interest on these principal amounts according to the statutory rate pursuant to 28 U.S.C. § 1961(a). These amounts consist of $150,000 for each of the registered, copyrighted

works that DISH owns and that each Defendant willfully and maliciously infringed by transmitting without authorization on the East service;

2. Defendants and any of their officers, agents, servants, employees, attorneys, or other persons, including all dealers, distributors, and retailers of East set-top boxes and subscription renewals, acting in active concert or participation with any of the foregoing that receives actual notice of the Order, are permanently enjoined from:

a. transmitting, streaming, distributing, or publicly performing in the United States, with any East set-top box, subscription renewal, CDN, or any other device, application, service, or process, any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

b. distributing, selling, providing, or promoting any product or service in the United States, including any East set-top box, subscription renewal, or CDN, that comprises the whole or part of a network or service for the distribution and public performance of the Protected Channels or any of the programming that comprises any of the Protected Channels;

c. advertising, displaying, or marketing any East set-top box, subscription renewal, CDN, or service in connection with the Protected Channels or the programming that comprises the Protected Channels; and

d. inducing, contributing to, or financially benefitting from another's conduct that is prohibited by a-c above.

3. ~~Non-parties providing any form of electronic storage, computer server, website hosting, file hosting (including data center and colocation, primary and backup storage, back-end), domain hosting, domain name registration, privacy protection for domain registration,~~ 

~~anonymization for domain registration, proxy, CDN service, content acceleration (including traffic routing, bandwidth, CDN, web content optimization, website/data security), advertising (including search based online advertising), and social media services used in connection with any of the activities enjoined under Paragraph 2, and who receive actual notice of this Order, are enjoined from providing such services in connection with any of the activities enjoined under Paragraph 2. This includes but is not limited to: KnownSRV Ltd. disabling IP address 185.66.143.158; Neterra Ltd. disabling IP addresses 87.120.36.60 and 87.120.36.161; Plexus-Network Ltd. disabling IP address 45.141.156.145; Fishnet Communications LLC disabling IP address 77.73.70.89; UCloud (HK) Holdings Group Ltd. disabling IP address 103.14.35.46; and these and all future service providers disabling all IP addresses used to transmit any of the Protected Channels on the East service. The IP addresses may be reassigned to other customers after they have been disabled and are no longer being used in connection with any of the activities enjoined under Paragraph 2.~~ /RGA/

4.   VeriSign, Inc., ~~.CO Internet S.A.S., The Internet Foundation in Sweden,~~ and any other registries and registrars of the domain names Eastiptv.com, ~~Eastmedia.co,~~ Serverlogy.com, Globalflarenetwork.com, *and* Iptvupdate.com, ~~Cyrusthegreat.se, and Zidoo.tv,~~ within 48 hours of receiving this Order, shall (i) make the websites and any other content located at the domain names inaccessible to the public; (ii) transfer the domain names to DISH, including changing the registrar of record to the registrar selected by DISH at DISH's reasonable expense; and (iii) after the transfer, reenable the domain names so that DISH may fully control and use the domain names. /RGA/

5.   Registries and registrars shall disable all future domain names used by Defendants (a) in the course of transmitting the Protected Channels on the East service in the

4

United States, or (b) to distribute, provide, sell, or promote the East service in the United States, by making the websites and any other content located at the domain names inaccessible to the public within 48 hours of receiving this Order and a declaration from DISH or its agent stating that the domain names are being used in such a manner. Such domain names shall remain disabled so that the websites and content located at the domain names are inaccessible to the public until further order of this Court, or until DISH provides written notice to the registry or registrar that the domain names shall be reenabled.

6. Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of Court.

7. The Court shall retain jurisdiction over this action for the purpose of enforcing this final judgment and permanent injunction.

Dated: February 1, 2021

JUDGE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT JUDGE